UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Debra J. Thompson, an individual on behalf of herself and on behalf of all other similarly situated persons,

      Plaintiff,

v.

Allianz Life Insurance Company of North America,

      Defendant.

Civ. No. 17-96 (PAM/SER)

**ORDER**

This matter is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Steven E. Rau dated December 21, 2017. (Docket No. 50.) Defendant filed timely objections to the R&R (Docket No. 55), and Plaintiff responded to those objections. (Docket No. 56.) The matter is now ripe for the Court's review.

The Court must conduct a de novo review of any portion of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Based on that de novo review, and for the reasons set forth below, the Court overrules Defendant's objections and adopts the R&R.

**BACKGROUND**

The background of this matter is fully set forth in the thorough R&R and the Court will not repeat it here. In brief, this case involves a life insurance annuity policy that was the subject of previous litigation regarding fraudulent inducement brought by the policy's

owner.  The owner has since died, and Plaintiff, who is the policy's beneficiary, now seeks to press breach-of-contract claims against the Defendant insurer, Allianz Life Insurance Company of North America.  Allianz moved to dismiss, arguing that Plaintiff's claims are barred by res judicata.  The motion was referred to Magistrate Judge Rau for disposition.

**DISCUSSION**

After a comprehensive review of the law of res judicata, Magistrate Judge Rau determined that res judicata does not bar Plaintiff's claims because the factual circumstances of the previous litigation and the instant litigation are different, and because Plaintiff was not in privity with the policy owner at the time of the previous litigation.  Allianz does not take issue with the R&R's discussion of the relevant legal framework, but contends that the R&R's determination on the issues of factual similarity and privity "turns well-accepted res judicata law on its head."  (Def.'s Objection (Docket No. 55) at 8.)  Despite Allianz's repeated warnings that adopting the R&R will have disastrous effects on the law of res judicata, the Court believes that res judicata will remain viable for the foreseeable future.  Having conducted a de novo review of the R&R in light of Allianz's arguments, the Court is convinced that the R&R is correct.

Under Minnesota law, Plaintiff's claims do not "arise[] out of the same set of factual circumstances" as those at issue in the previous litigation.  Hauschildt v. Beckingham, 686 N.W.2d 829, 840 (Minn. 2004) (emphasis omitted).  This conclusion is alone enough to foreclose application of res judicata, and the Court need not address Allianz's objection to the R&R's determination that Plaintiff is not in privity with the

plaintiffs in the prior action.  See id. (stating that all prongs of the res judicata test must be met for res judicata to apply).

**CONCLUSION**

The R&R correctly determined that res judicata does not bar Plaintiff's claims here.  Accordingly, **IT IS HEREBY ORDERED that**:

1. The R&R (Docket No. 50) is **ADOPTED**; and

2. Defendant's Motion to Dismiss (Docket No. 18) is **DENIED**.

Dated: January 26, 2018

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge
